UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EMSAT ADVANCED GEO-LOCATION TECHNOLOGY, LLC, et al., | ) ) ) ) ) ) | [1] CASE NO. 4:08CV816 [2] CASE NO. 4:08CV818 [3] CASE NO. 4:08CV821 [4] CASE NO. 4:09CV2313 [5] CASE NO. 4:09CV2815 |
| PLAINTIFFS, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | OPINION AND ORDER |
| [1] CELLCO PARTNERSHIP; [2] SPRINT SPECTRUM, L.P. [3] ALLTEL COMM'N, LLC; [4] U.S. CELLULAR CORP.; and [5] VIRGIN MOBILE USA, L.P., et al., | ) ) ) ) ) ) | |
| DEFENDANTS. | ) | |

In these consolidated patent cases, defendants have moved to modify the Case Management Plan Part I (*see*, *e.g.,* Case No. 4:08CV816, Doc. No. 93).[1] Plaintiffs oppose the motions (*see, e.g.,* Doc. No. 95), and defendants have replied (*see, e.g.,* Doc. No. 96).

I. **BACKGROUND**

There have already been lengthy delays in these cases, each of which was at the request of defendants. Filed in 2008 and 2009, these cases were originally stayed in March 2009, pending re-examination of the subject patents by the Patent and Trademark Office. (*See* Non-Doc.

---
[1] Substantially similar motions were filed in each case. For the sake of convenience and clarity, all citations to the parties' filings will be to the lead case, Case No. 4:08CV816. The Court's discussion and analysis applies equally, however, to each case and to each motion to modify.

1

Order, Mar. 31, 2009.) The first stay was lifted in April 2009, and defendants soon moved to reinstate the stay. (Doc. No. 45.) That motion was granted, and the Court reinstated the stay on May 22, 2009. (Doc. No. 46.)

The cases were still stayed, pending reexamination, when they were transferred to the undersigned on December 6, 2010. On January 29, 2014, for good cause shown, the Court lifted the stay, and, on February 21, 2014, the Court conducted a Case Management Conference, during which the Court discussed with counsel and the parties new dates and deadlines that would govern the case. After receiving proposed dates from the parties, the Court issued a Revised Case Management Plan Part I that set forth dates and deadlines for the exchange of infringement and other contentions and claim construction. (Doc. No. 81.) With respect to claim construction, the Court scheduled a tutorial on the governing science for January 29, 2015, and set January 30, 2015 as the date for the *Markman* hearing.

Defendants have now moved to further modify the schedule to permit the Court time, prior to claim construction, to address the question of whether plaintiffs are entitled to claim 1991 or 1996 as the priority date for the '822 patent. According to defendants, "this threshold issue" must be resolved prior to claim construction because "claims must be interpreted from the perspective of those skilled in the art *at the time of the invention*." (Mot. at 3040-41 [quoting *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312-13 (Fed. Cir. 2005)]) (emphasis added). Without leave of court, defendants have also moved for summary judgment on the issue of the priority date for the '822 patent (Doc. No. 92).

I. LAW AND ANALYSIS

A district court has broad discretion to manage its docket and control the manner in

2

which its cases progress. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir.1983). Defendants suggest that it is "logical" to disturb the Court's carefully crafted schedule and take the issue of priority out of order to resolve it prior to claim construction. (Doc. No. 93 at 3033.) Defendants admit, however, that their proposed revision will result in additional delays.

The very approach advocated for by defendants was denounced by Federal Circuit Judge Jimmie Reyna in *X2Y Attenuators, LLC v. Int'l Trade Comm'n*, 757 F.3d 1358 (Fed. Cir. 2014) (Reyna, J., concurring). While defendants complain that Judge Reyna's observations were contained in a concurring opinion, the analysis is, nonetheless, instructive and persuasive.

In *X2YAttentuators*, Judge Renya agreed with the majority that the claim terms had been properly construed but wrote separately "to address an error in the claim construction approach adopted by the ALJ and the Commission." *Id*. at 1363. Specifically, he criticized the ALJ and the Commission because they "failed to objectively construe the asserted clams before deciding whether the claims were entitled to priority." *Id.* Judge Renya gave three reasons why this approach was erroneous.

> First, it is well settled that a written description analysis depends on a proper claim construction because, among other reasons, a claim is entitled to the priority date of an earlier application only if the earlier specification provides sufficient written support for the full scope of the claim. Where the claims have not been properly construed, the full scope of the claim is unknown, thereby rendering baseless any determination of written support in an earlier patent. It follows that entitlement to priority cannot be decided without first construing the asserted claims. Similarly, it is improper to construe claims with the goal of arriving at a particular priority date, a measure that would violate a tribunal's independent obligation to determine the meaning of the claims, notwithstanding the views asserted by the adversary parties. Second, it is improper to "hold" the patentee to a priority date that is asserted as a defense to an invalidity challenge without first construing the claims and resolving invalidity issues. To be clear, invalidity considerations may inform claim construction in limited circumstances, but they cannot dictate the process . . . And third, it was erroneous to treat X2Y's attempt to overcome allegedly invalidating

3

> prior art through a priority claim as an attempt to "recast" its patents. X2Y had a right to advocate for a broad claim construction that might ultimately find no support in the earlier patents to which it claimed priority. . . . Indeed, it is well established that a patentee may argue in the alternative for different priority dates at trial.

*Id*. at 1365 (internal quotation marks, citation marks, and paragraph breaks omitted).

Similarly here, without first establishing the scope of the asserted claims, it would be impossible to determine whether plaintiffs are entitled to a particular priority date. Likewise, it would be improper to let an asserted defense dictate claim construction, or to unfairly restrict plaintiffs from advocating for alternative priority dates. The Court will not permit the tail to wag the dog.[2] *See Nextec Applications v. Brookwood Cos., Inc.*, 703 F. Supp. 2d 390 n.28 (S.D.N.Y. 2010) ("whether the written description in the priority applications is adequate to entitle a later-issued patent to the benefit of an earlier filing date is a separate issue from claim construction, and is to be analyzed separately after the claims have been construed") (citing *Koninklijke Philips Elecs. N.Y. v. Cardiac Sci. Operating Co.*, 590 F.3d 1326, 1336 (Fed. Cir. 2010) ("A district court must base its analysis of written description under § 112 on proper claim construction. . . . On remand, the district court must construe [the disputed claims] in light of the . . . written description *and then determine* whether the [predecessor] application's written description satisfies § 112. . . .")) (emphasis added).

---

[2] Defendants rely upon the decision in *Chiron Corp. v. Genentech, Inc*., 363 F.3d 1247, 1258 (Fed. Cir. 2004) for the proposition that, "[w]hen different disclosures lead to inconsistent claim scope, the Federal Circuit recognizes that courts may resolve the issues of priority and invalidity 'without reaching this complex claim construction question.'" (Doc. No. 96 at 3111 [citing *Chiron*, 363 F.3d at 1258].)  *Chiron* is not helpful for several reasons. First, it does not appear from the decision that the district court addressed the issue of priority prior to resolving claim construction, and, on appeal, the Federal Circuit specifically noted that the parties did not challenge the district court's claim construction in the first instance. *Id*. at 1254. Second, the Federal Circuit did not condone the practice of tackling priority before claim construction. Rather, it merely held that the "jury's verdict of invalidity" was supported by the record, such that it was not necessary to address a complicated claim construction issue. *Id*. at 1258.

4

## II. CONCLUSION

For all of the foregoing reasons, defendants' motions to modify the Revised Case Management Plan are denied. Moreover, defendants' motions for summary judgment on the issue of priority are denied without prejudice.

**IT IS SO ORDERED**.

Dated: September 30, 2014

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**